UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., ) ) ) ) Plaintiffs, ) ) vs. ) ) QUANTUM CONSTRUCTORS, LLC ) ) Defendant. ) | Case No. 4:10CV1606MLM |

## **MEMORANDUM OPINIONS**

This matter is before the court on Plaintiffs' Motion for Default Judgment. [Doc. 6] Because there is a request for attorney's fees, the amount in controversy is not a "sum certain" as required by Fed.R.Civ.P. 55(b)(1) and (2). Therefore, on February 7, 2011 a hearing was held before the Honorable Mary Ann L. Medler. At the hearing, attorney Greg Campbell reaffirmed that matters contained in his Affidavit (Doc. 7-1) indicating that he performed 1.5 hours of services and Alice M. Devinny, Legal Assistant performed 1.8 hours of services. The court found the services were reasonable and necessary in connection with this type of litigation and the fee of $399 will be allowed. The filing fee of $350 will also be allowed.

Plaintiffs request $430 for location of defendant and service of the Summons and Complaint by special process server. With regard to private process servers, the Taxation of Costs statute, 28 U.S.C. § 1920, does not provide for the taxation of the fees of private process servers, rather it provides only for the fees of the "Clerk and Marshal." 28 U.S.C. § 1920(1). A Bankruptcy Court has given extensive study to the case law concerning the taxation of fees for services of subpoenas by private process servers and concluded that in the light of the unambiguous language of 28 U.S.C. § 1920, these fees were non-taxable.

D&B Countryside, LLC v. Newel (In Re D&B Countryside, LLC), 217 B.R. 72 (Bankr. E.D., Va. 1998). Most significantly, the Eighth Circuit has clearly taken this position. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) (28 U.S.C. § 1920 contains no provision for the use of special process servers, thus such costs are non-taxable); American Family Mutual Insurance Co. v. Miell, 569 F.Supp. 2d, 841, 860 (N.D., IA 2008) (while acknowledging the "modern trend" is to permit the recovery of private process server fees, Crues is controlling in the Eighth Circuit and private service costs are denied); Abunda v. Potter, 206 WL 266513 (N.D., IA 2006) at *3-4 (same, with extensive examination of courts allowing special process server fees and those denying the fees). See also, Uni-Systems, Inc. v. Delta Airlines, 202 WL 505914 at *2 (D. Minn.) (special process servers expenses non-taxable); United States ex rel Evergreen Pipeline Constr. Co. v. Merritt Meridian Construction Corp., 95 F.3d 153, 172 (2nd Cir. 1996) (same); Cofield & Crumpler, 179 FRD 510, 515 (E.D. Va., 1998) (same); Pion v. Liberty Dairy Company, 992 F.Supp. 48, 53 (W.D., MI 1996) (same).

"Under the 'modern trend' some courts, particularly the Ninth Circuit and numerous district courts, have allowed as costs fees for service of subpoenas by special process servers because the United States Marshals no longer serves summons or subpoenas in most civil cases. Fed.R.Civ.P. 45"[1] See Abunda, 2006 WL 266513 at *3-4 and numerous cases cited therein. The court finds that there is no obvious policy reason why private process server fees should not be recoverable and it may be that Congress has not focused on the need to

---

[1] Rule 45 of the Federal Rules of Civil Procedure was amended in 1991 to limit the United States Marshal's duties in serving trial subpoenas. Congress has not substantially amended the taxation-of-costs statute in the years since Rule 45 was amended. This delay could suggest an intention by Congress to leave the statute unchanged. Cofield, 179 FRD at 516, n.6, or it could be interpreted as merely an oversight to do so.

amend § 1920 or to take account of the fact that United States Marshals no longer serve subpoenas in civil cases. "If this is the case, Congress is free to amend the statute, but it is not the function of this court to re-write the statute. It is the court's duty to apply the statute as written." Cofield, 179 FRD at 516. Therefore, the fee for the expense of the special process server should not be taxed as costs because Crues is controlling in the Eighth Circuit.

As for the delinquent fringe benefits owed, the court finds the statement of applicable law and the computation of the amounts owed as set out in plaintiffs' Memorandum in Support of Default Judgment (Doc. 7) is accurate and will be incorporated by reference as if fully set out herein.

Plaintiffs are entitle to recover delinquent contributions of $8,040.44, liquidated damages of $1,668.03, interest in the amount of $819.03, attorney's fees of $399.00 and partial costs of $350.00 for the total amount of $11,626.55. This figure excludes the cost of the private process server.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Default Judgment is **GRANTED** in part and **DENIED** in part as more fully set out herein. [Doc. 6]

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of February, 2011.